UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY DURBON** | * | **CIVIL ACTION NUMBER:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **PNK (LAKE CHARLES), LLC, ET AL** | * | **MAGISTRATE JUDGE** |

**************************************************************************

<u>**NOTICE OF REMOVAL AND REQUEST FOR TRIAL BY JURY**</u>

PNK (Lake Charles), LLC (erroneously referred to as "Penn National Gaming Inc., d/b/a L'Auberge Casino Resort, Lake Charles") and Gaming and Leisure Properties, Inc., Defendants in the State suit brought by Gary Durbon, Docket Number 2021-868 "G" in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, file this Notice of Removal to remove the case from the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana.

1.

This case was commenced in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, on March 8, 2021 by Gary Durbon against PNK (Lake Charles), LLC (erroneously referred to as "Penn National Gaming Inc., d/b/a L'Auberge Casino Resort, Lake Charles") and Gaming and Leisure Properties, Inc.

2.

Process was served on PNK (Lake Charles), LLC (erroneously referred to as "Penn National Gaming Inc.") through its registered agent on April 9, 2021 as per copy of the Service of Process Transmittal, Citation and Petition for Damages, attached hereto as Exhibit "A".

3.

A citation was issued to Gaming and Leisure Properties, Inc. pursuant to Louisiana Long-Arm Statue on April 6, 2021, attached hereto as Exhibit "B". As of April 30, 2021, the Calcasieu Parish Clerk of Court had not yet received proof of service on Gaming and Leisure Properties, Inc.

4.

Plaintiff's action is one of a civil nature in which he seeks to recover from Defendants damages and court costs plus legal interest for injuries received when he was allegedly injured in a slip and fall accident on June 6, 2020 at L'Auberge Casino in Lake Charles, Louisiana.

5.

The said civil action as against the removing Defendants is one in which the District Courts of the United States have original jurisdiction by virtue of the fact that there is diversity of citizenship between the parties and by virtue of the fact that the amount in dispute exceeds the amount of $75,000.00, exclusive of interest and costs.

6.

Defendant, PNK (Lake Charles), LLC is a Louisiana Limited Liability Company, the sole member of which is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware Limited Liability Company, the sole member of which is Pinnacle Entertainment, Inc., a Delaware Corporation with its principal place of business in Pennsylvania. Pinnacle Entertainment Inc.'s parent is Penn National Gaming, Inc., a publicly traded company, incorporated in Pennsylvania, and with its principal place of business in Pennsylvania. Defendant, Gaming and Leisure Properties, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania.

7.

Petitioner, Gary Durbon is alleging that as a result of his accident at L'Auberge Casino, he sustained injuries to his back, hip, both wrists, both shoulder, knees and body in general. However, Mr. Durbon did not indicate in his Petition whether the amount in controversy exceeded $75,000.00.

8.

Defendants received a settlement demand from the Plaintiff's attorney dated April 7, 2021 wherein Plaintiff claimed medical bills for treatment incurred so far due to alleged injuries from his accident at L'Auberge Casino in the amount of $220,287.27 (Exhibit "C" – Settlement Demand).

9.

As per the Plaintiff's Settlement Demand, Gary Durbon was transported via ambulance to St. Patrick's Hospital in Lake Charles after his accident at L'Auberge Casino. X-Rays were taken of his knees and wrists. Upon discharge, he returned to San Antonio and engaged in rehabilitative therapy with Dr. Hector Samaniego's office. The Plaintiff specifically alleges the following injuries and damages: 1. Injuries to his left hip and lower back; 2. Left groin pain; 3. Posterior left hip pain; 4. Low back pain; 5. L4-L5 3.0mm disc bulge flattening the thecal sac and L5 nerve root sleeves; 6. L5-S1 4.0mm right subarticular and foraminal disc herniation impinging the right S1 nerve root and compression of the exiting right L5 nerve root; 7. Diagnosed with disc herniation at L5-S1; 8. Lumbar radiculopathy; 9. Diagnosed with labral tear of left hip; 10. Femoroacetabular impingement of the left hip with joint space narrowing; 11. Right hip joint femoroacetabular impingement at the femoral head neck junction.

10.

Dr. Dennis Gutzman diagnosed the Plaintiff with symptomatic disc herniation at L5-S1 and a labral tear of his left hip. Mr. Durbon had three epidural steroid injections in his lumbar spine, administered by Dr. Michael Murphy.

11.

Dr. Gutzman recommended a laminectomy and discectomy with fusion at L5-S1, and Mr. Durbon underwent surgery on February 23, 2021. Dr. Gutzman recommended an arthroscopic surgical intervention to address Mr. Durbon's left hip injury. This procedure is planned to take place after Mr. Durbon has fully recovered from his lumbar spine surgery.

12.

Based upon the Plaintiff's medical expenses claimed in the Settlement Demand and plan for future hip surgery, this case has become removable to Federal Court. This removal is timely since it is being filed within 30 days of receipt of the Settlement Demand and within 30 days of service of process of Plaintiff's Petition, which was Defendants' first notice that this case was removable to Federal Court. See *Callender v. Wal-Mart Louisiana, LLC,* 2015 WL 224910 (W.D. La.) where Court held a settlement letter constitutes "other paper" sufficient to trigger removal. See also *Aldo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000).

13.

Louisiana jurisprudence has awarded general damages alone in excess of $75,000 for injuries and treatment such as those Gary Durbon has alleged. For example, plaintiff was awarded $200,000 for lumbar discectomy and laminectomy in *Caillouet v. City of New Orleans*, 2002-0475 (La. App. 4 Cir. 11/26/02), 834 So.2d 521; plaintiff was awarded $350,000 for lumbar discectomy in *Crane v. Exxon Corp., U.S.A.,* 613 So.2d 214 (La. App. 1st Cir. 1992); plaintiff was awarded $350,000 for lumbar laminectomy/discectomy in *Hollenbeck v.*

*Oceaneering Intern., Inc.,* 96 0377 (La. App. 1 Cir. 11/8/96); 685 So.2d 163; plaintiff was awarded $400,000 for lumbar laminectomy, possible second surgery in *Jordan v. International Bulktank Corp.*, 621 So.2d 1141 (La. App. 1st Cir. 1993).

14.

The Plaintiff seeks judgment for past and future damages that include: pain and suffering, mental anguish, loss of enjoyment of life, medical expenses, physical impairment, physical disfigurement and inconvenience. Further, Mr. Durbon is claiming lost wages in the past and loss of wage-earning capacity in the future. Therefore, based on relief sought and general damages for similar injuries, the amount in dispute exceeds $75,000.00. For these reasons, it appears that the amount in controversy exceeds the jurisdictional amount required for a Federal jury trial.

15.

At the time of the commencement of this action, and at all times since that time, Plaintiff, Gary Durbon was and remains a citizen and resident of and domiciled in the County of Bexar, State of Texas, as appears from Plaintiff's Petition for Damages filed in State Court. Defendant, PNK (Lake Charles), LLC was and is a Louisiana Limited Liability Company, the sole member of which is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware Limited Liability Company, the sole member of which is Pinnacle Entertainment, Inc., a Delaware Corporation with its principal place of business in Pennsylvania. Pinnacle Entertainment Inc.'s parent is Penn National Gaming, Inc., a publicly traded company, incorporated in Pennsylvania, and with its principal place of business in Pennsylvania. Defendant, Gaming and Leisure Properties, Inc. was and is a Pennsylvania corporation with its principal place of business in Pennsylvania.

16.

Upon filing of this Notice of Removal and Request for Trial by Jury, written notice is thereof being given to all adverse parties, and a copy of this notice is being filed with the Clerk

of Court of the aforesaid State Court to effect the removal of the civil action, all as provided for by law.

17.

This cause is specifically removable to this Honorable Court pursuant to 28 U.S.C. § 1441, *et seq.*

18.

Defendants, PNK (Lake Charles), LLC and Gaming and Leisure Properties, Inc., reserve all rights to object to the jurisdiction of the State Court proceedings should this Court ultimately hold that this action was not removable or improperly removed thereto.

19.

Defendants request a trial by jury on all issues triable by jury.

WHEREFORE, Defendants, PNK (Lake Charles), LLC and Gaming and Leisure Properties, Inc., pray that the aforesaid civil action be removed from the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana, into this Court for trial and determination as provided by law, particularly, 28 U.S.C. § 1441, *et seq.*, and thereupon to proceed with said civil action as though originally commenced in this Court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendants further pray for a trial by jury.

Respectfully submitted,

**DAVIDSON, MEAUX, SONNIER,
McELLIGOTT, FONTENOT,
GIDEON & EDWARDS, L.L.P.**

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT, #16918
KEVIN M. DILLS, #29151
JAMI LACOUR ISHEE, #35872
810 South Buchanan Street
Post Office Box 2908
Lafayette, Louisiana 70502-2908
Telephone:     (337) 237-1660
Facsimile:     (337) 237-3676

Attorneys for PNK (Lake Charles), LLC and Gaming and Leisure Properties, Inc.

## CERTIFICATE

I HEREBY CERTIFY that on this 5th day of May, 2021, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and that a copy of this filing has this day been forwarded to all counsel of record by depositing same in the U.S. Mail, postage prepaid and properly addressed.

*s/Philip A. Fontenot, #16918*
PHILIP A. FONTENOT