CT Corporation

**Service of Process Transmittal**
04/09/2021
CT Log Number 539354493

**TO:**   Karin K Ashford
Penn National Gaming, Inc.
825 BERKSHIRE BLVD STE 200
WYOMISSING, PA 19610-1247

**RE:**   **Process Served in Louisiana**

**FOR:**   Penn National Gaming, Inc.  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GARY DURBON, PLTF. vs. PENN NATIONAL GAMING INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # 2021000868 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/09/2021 at 08:41 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/09/2021, Expected Purge Date: 04/14/2021<br><br>Image SOP<br><br>Email Notification,  Karin K Ashford  karin.ashford@pngaming.com<br><br>Email Notification,  Amanda Garber  Amanda.Garber@pngaming.com<br><br>Email Notification,  Caitlin Scargle  caitlin.scargle@pngaming.com<br><br>Email Notification,  Richard Pcihoda  richard.pcihoda@pngaming.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>866-401-8252<br>EastTeam2@wolterskluwer.com |

The Information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other Information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the Information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT**

**A**

exhibitsticker.com

GARY DURBON
VS.    2021-000868
PENN NATIONAL GAMING INC



Citation

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  PENN NATIONAL GAMING INC      D/B/A L'AUBERGE CASINO RESORT,
                                    LAKE CHARLES

     THROUGH   CT  CORPORATION
     SYSTEM
     3867 PLAZA TOWER DRIVE
     Baton Rouge, LA 70816

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in
the petition of GARY DURBON,    (PETITION FOR DAMAGES)    against you, certified copy of which petition
accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the
City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 8th day of March 2021.

Issued and delivered April 6, 2021

*Byron Wilkinson*

Byron Wilkinson

Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named
party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein
being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE      $_____              BY:  _____
                                           Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

Filing Date: 04/06/2021 10:52 AM    Page Count: 1
Case Number: 2021-000868
Document Name: 1600 Citation

C M S 7 1 3 0 2 1

FOURTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU

STATE OF LOUISIANA

NO. 2021-1108            DIVISION G

Date 3-8-21

GARY DURBON Check # 220622

From _____

VERSUS      Amt $549.00

Recd by _____

PENN NATIONAL GAMING INC., D/B/A L'AUBERGE CASINO RESORT, LAKE
CHARLES, AND GAMING AND LEISURE PROPERTIES, INC.

FILED:     **MAR 0 8 2021**          _____

**DEPUTY CLERK**

---

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, GARY DURBON,

who respectfully represents the following:

### PARTIES

1.  Petitioner **GARY DURBON,** ("Mr. Durbon") is an individual residing in Bexar County, Texas

    at 11911 Devin Chase, San Antonio, Texas 78253.

2.  Defendant **GAMING AND LEISURE PROPERTIES, INC.** ("GAMING PROPERTIES")

    is a Pennsylvania corporation and real estate investment trust (REIT). GAMING

    PROPERTIES is not registered to do business in Louisiana, but it is amenable to suit here, and

    may be served via the Louisiana Long Arm Statute.

3.  Defendant **PENN NATIONAL GAMING INC., d/b/a L'AUBERGE CASINO RESORT,**

    **LAKE CHARLES** ("PENN") is a Pennsylvania corporation authorized to do and doing

    business in Louisiana with its principal business office in Wyomissing, Pennsylvania. PENN

    may be served through its registered agent CT Corporation System at 3867 Plaza Tower Dr.,

    Baton Rouge, LA 70816.

    CALCASIEU CLERK-COST
    MAR 08 2021 FM 12:50:25

### JURISDICTION AND VENUE

4.  The amount in controversy is sufficient to justify the jurisdiction of the 14th Judicial District

    Court for Calcasieu Parish.

5.  Venue is proper in Calcasieu Parish pursuant to Louisiana Code of Civil Procedure Article 74.

### JOINT, SEVERAL, AND IN SOLIDO LIABILITY

6.  The above-named Defendants (collectively "Defendants") are liable jointly, severally, and in

    solido for all damages to be shown at the time of trial, including legal interest and all costs of

these proceedings for the following acts of negligence.

### INVITEE

7. At the time of the incident described herein, Mr. Durbon was an invitee at the L'Auberge Casino Resort, Lake Charles, ("L'Auberge Casino") located at 777 Ave L'Auberge, Lake Charles, LA 70601.

### FACTS

8. The L'Auberge Casino is a huge casino hotel in Lake Charles, Louisiana. It is owned by GAMING PROPERTIES and operated by PENN.

9. On or about June 6, 2020, an unidentified person spills liquid on the floor of the L'Auberge Casino lobby, near the entrance. (hereinafter referred to as the "hazardous condition").

10. An unidentified person working for L'Auberge Casino sees the liquid on the floor, and leaves it there unmarked, and unattended.

11. Mr. Durbon walks through the L'Auberge Casino lobby, and slips on the liquid.

12. Mr. Durbon crashes into the floor and a cement column near the door, he hurts his back, hip, both wrists, both shoulders, knees, and body in general.

13. PENN has video footage in its possession showing these alleged facts.

14. Mr. Durbon's injuries and damages are a direct and proximate result of Defendants' negligence.

### DEFENDANTS' DUTY

15. Defendants owe Mr. Durbon, and other invitees of the L'Auberge Casino, duties of care under at least four Louisiana laws.

**La. R.S. 9.2800.6**

16. The Defendants, as owners, managers, maintainers, installers, repairers, and/or occupiers of the L'Auberge Casino, are merchants for the purposes of La. R.S. 9:2800.6.

17. Defendants owe a duty to Mr. Durbon and other persons who use their premises to exercise reasonable care to keep aisles, passageways, and floors in a reasonably safe condition.

18. Defendants' duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

19. They also have a duty to exercise reasonable care to correct such condition after Defendants knew, or by the exercise of reasonable care should have known, of the dangerous condition.

20. Defendants failed to exercise such reasonable care.

2

<u>La. Civ. Code. Art. 660</u>

21. The Defendants, as owners, managers, maintainers, installers, repairers, and/or occupiers of the L'Auberge Casino, owe a duty to Mr. Durbon and other persons who use their premises, to keep their buildings in repair and to exercise reasonable care in maintaining their property under La. Civ. Code Art. 660.

22. Defendants knew, or in the exercise of reasonable care, should have known of the hazardous condition which caused Mr. Durbon's damages.

23. Mr. Durbon's damages could have been prevented by the exercise of reasonable care.

24. Defendants failed to exercise such reasonable care.

<u>La. Civ. Code Art. 2317 & 2317.1</u>

25. The L'Auberge Casino was within the Defendants' custody for purposes of La. Civ. Code Art. 2317 when the hazardous condition caused Mr. Dubron's fall and injuries.

26. Defendants have a duty to maintain the L'Auberge Casino in a reasonably safe condition for the use of its invitees.

27. Defendants knew, or in the exercise of reasonable care, should have known of the hazardous condition that caused Mr. Durbon's damages, and the damages could have been prevented if the Defendants had exercised reasonable care.

28. Defendants failed to exercise such reasonable care.

<u>La. Civ. Code Art. 2315</u>

29. The Defendants, as owners, managers, maintainers, installers, repairers, and/or occupiers of the L'Auberge Casino, owe a duty to keep the property in a reasonably safe condition, to discover any unreasonably dangerous condition on the premises, and to correct that condition, or worn potential victims of its existence.

30. Defendants failed to exercise such reasonable care.

<b><u>BREACH/NEGLIGENCE</u></b>

31. Mr. Durbon's injuries and associated damages are a direct and proximate cause of one or more of the following negligent acts or omissions by Defendants:

    a.  Failing to provide proper and safe ingress and egress to and from its property;

    b.  Failing to warn invitees, including Mr. Durbon, of the hazardous condition;

    c.  Failing to maintain the premises in a reasonably safe condition;

    d.  Permitting a hazardous condition to remain;

3

e.  Failing to reasonably inspect the premises for defects, vices, and hazardous conditions, and/or failing to take reasonable and appropriate actions as a result of inspections;

f.  Failing to correct the hazardous condition;

g.  Creating and/or allowing a hazardous condition and/or unreasonable risk of harm to exist which the Defendants' knew, or in the exercise of reasonable and ordinary care, should have known existed on its premises;

h.  Failing to remove or eliminate the hazardous condition existing on its premises;

i.  Failing to implement and/or enforce policies and procedures to warn, eliminate, or prevent the incident described herein;

j.  Any and all other acts of negligence, fault, or imprudence which may be proven during the trial of this matter.

## PROXIMATE CAUSE (DAMAGES)

32. As a direct and proximate result of the occurrences made the basis of this lawsuit, Mr. Durbon was caused to suffer bodily injuries to his back, hip, both wrists, both shoulders, knees, and body in general. Some of these injuries are to a reasonable probability, permanent in nature. Mr. Durbon has been physically impaired and, to a reasonable probability, will be physically impaired for a long time, if not for the balance of his natural life.

## DAMAGES

33. As a proximate result of the Defendants' negligence, as stated above, Mr. Durbon suffers the following injuries and damages:

a.  Past and future physical pain and suffering;

b.  Past and future mental anguish;

c.  Past and future loss of enjoyment of life;

d.  Past and future medical expenses;

e.  Past and future physical impairment;

f.  Past and future physical disfigurement

g.  Past and future inconvenience;

h.  Lost wages in the past; and,

i.  Loss of wage-earning capacity in the future.

Each of the above acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of Mr. Durbon's injuries and damages.

## JURY DEMAND

34. Mr. Durbon demands a trial by jury.

4

WHEREFORE, Mr. Durbon prays Defendants be duly cited and served with a copy of this

Petition and that, after all legal delays and due proceedings, this Court enter a judgment reasonable

to compensate Mr. Durbon for all damages and interest caused by Defendants' negligence.

Respectfully submitted,

STAG LIUZZA, L.L.C.

Michael G. Stag (Bar No. 23314)
Ashley M. Liuzza (Bar No. 34645)
Matthew D. Rogenes (Bar No. 36652)
Edmond L. Guidry, IV (Bar No. 38761)
One Canal Place
365 Canal Place, Suite 2850
New Orleans, LA 70130
Telephone: (504) 593-9600
Facsimile: (504) 593-9601

**JERRY V. HERNANDEZ, OF COUNSEL**
Texas State Bar No. 09516870 *seeking pro hac vice
admission*
JerryH@davislaw.com
**JASON LINNSTAEDTER**
Texas State Bar No. 24096521 *seeking pro hac vice
admission*
JasonL@davislaw.com
**CARLOS GARCIA**
Texas State Bar No. 07631350 *seeking pro hac vice
admission*
CarlosG@davislaw.com
**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 293-1000
Fax: (210) 870-1475

**ATTORNEYS FOR PLAINTIFF**

PLEASE SERVE:

PENN NATIONAL GAMING INC.,
d/b/a L'AUBERGE CASINO RESORT, LAKE CHARLES
through its registered agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

PLEASE RETURN A STAMPED PETITION AND CITATION FOR SERVICE VIA
LOUISIANA LONG ARM STATUTE TO THE BELOW DEFENDANT:

GAMING AND LEISURE PROPERTIES, INC.
via the Louisiana Long Arm Statute
through its registered agent
Corporation Service Company
50 W Broad St., Suite 1330
Columbus, OH 43215-3301

A TRUE COPY
Lake Charles, Louisiana

APR - 6 2021

Deputy Clerk of Court
Calcasieu Parish, Louisiana

5