4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm   Page 2/59



Personal Injury Law

April 7, 2021

**VIA FAX: (859) 550-2745**
Ms. Judy Graves
Senior Claim Examiner
Broadspire Services, Inc.
P.O. Box 14875
Lexington, KY 40512-4875

> RE: Our Client: Gary Durbon
> D/Incident: 06/06/20
> **Y/Insured: Penn National Gaming, Inc.**
> Claim No.: 189280449-001

Dear Ms. Graves, Broadspire Services, Inc, Penn National Gaming, Inc., and all Insurance Company Decision-Makers:

Please accept this as a clear and unequivocal policy limits settlement demand on behalf of Gary Durbon. The purpose of this letter is to advise you that I have reviewed the liability and damage aspects of this case for settlement purposes. Based upon these discussions with my client, I have been authorized to demand ▮▮▮▮▮▮▮, **or policy limits if less than the demand made,** to settle this claim. In return for acceptance of this demand, my client will execute a full release of all claims against your insured. This demand expires May 9, 2021. Please respond in writing as this is the only response method that will be considered. Any counter offer(s) less than policy limits, or requests to mediate, will be deemed a rejection of our unequivocal settlement demand.

I ask that this demand be immediately forwarded to all insurance decision-makers, and most importantly, the insured policy holder, Penn National Gaming, Inc.

In regards to this demand, please be advised of the following:

1. There are no conditions on the acceptance of the settlement that are outside the power of the liability insurer to satisfy.

2. In exchange for the settlement, my client will provide a full release and or/otherwise fully protect your insured from further liability exposure as related to any and all of my client's claims.

3. My client will satisfy any/all hospital liens, valid medical liens and all other legally-enforceable subrogation liens created as a result of this claim with the settlement paid (i.e. the

Main Office: 10500 Heritage Blvd., Ste. 102 ■ San Antonio, TX ■ 78216 ■ 210-444-4444 ■ www.jeffdavislawfirm.com

DCN -202104085001159 BroadSpire Receive date -4/8/2021 10:34:00 AM ACS process date -4/8/2021 10:34:06 AM

**EXHIBIT**

C

exhibitsticker.com

interests of any and all such potential subrogation lien holders are included within the amount demanded and will be satisfied therefrom).

This is an unconditional offer to settle these claims against your insured. Any and all medical bills, medical liens, attorney fees, case expenses and all other items will be paid out the settlement. Further, this letter and information are being provided to you in the hope that an amicable settlement can be reached. This information may not be used at a later trial or arbitration without prior consent from the plaintiff, nor may it be construed as an admission against interest or party.

## LIABILITY FACTS

Liability is clear.  On June 6, 2020, Mr. Durbon was visiting the L'Auberge Casino Resort in Lake Charles, Louisiana as a guest.  L'Auberge Casino Resort is owned by Gaming and Leisure Properties, Inc. and operated by Penn National Gaming, Inc. On or about June 6, 2020, an unidentified person spills liquid on the floor of the L'Auberge Casino lobby, near the entrance. An unidentified person working for L'Auberge Casino saw the liquid on the floor, and left it there unmarked and unattended.  Subsequently, Mr. Durbon walked through the L'Auberge Casino lobby, and slipped on the liquid, crashing into the floor and a cement column near the door and causing him to hurt his back, hip, both wrists, both shoulders, knees, and body in general.  Penn National Gaming, Inc. has video footage in its possession showing these occurrences.

As a result of your insured's negligence, Mr. Durbon suffered injuries and damages requiring medical attention, including surgery.

## INJURIES AND DAMAGES

Accompanying this demand are all medical bills and records regarding the treatment, diagnosis, and prognosis of my client.

After his fall, Mr. Durbon was transported by ambulance to St. Patrick's Hospital in Lake Charles where he was assessed and evaluated.  X-rays were taken of his knees and wrists.

Upon his discharge he returned to San Antonio and engaged in rehabilitative therapy with Dr. Hector Samaniego's office. The doctor's records document the following:

a.  During the fall, Mr. Durbon's right foot slid forward causing him to do a split and hit his right knee on a pillar;
b.  Left groin pain
c.  Injuries to his both knees;
d.  Injuries to left hip;
e.  Injuries to his shoulders;
f.  Injuries to his wrists;
g.  Pain in his lower back, which he rated as 8/10 and which was worse on the left; and
h.  Difficulty walking, standing and climbing stairs, sitting for prolonged periods or rising from sitting.

4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm  Page 4/59

As Mr. Durbon's medical condition has come into better focus, you will see my client suffered the following injuries and damages:

1. Injuries to his left hip and lower back
2. Left groin pain;
3. Posterior left hip pain;
4. Low back pain;
5. L4-L5 3.0mm disc bulge flattening the thecal sac and L5 nerve root sleeves;
6. L5-S1 4.0mm right subarticular and foraminal disc herniation impinging the right S1 nerve root and compression of the exiting Right L5 nerve root;
7. Diagnosed with disc herniation at L5-S1
8. Lumbar radiculopathy;
9. Diagnosed with labral tear of left hip;
10. Femoroacetabular impingement of the left hip with joint space narrowing;
11. Right hip joint femoroacetabular impingement at the femoral head neck junction;

Dr. Dennis Gutzman, our client's orthopedic surgeon, has diagnosed Mr. Durbon with Symptomatic Disc Herniation at L5-S1 and a Labral Tear in his left hip.

With regard to his lumbar disc herniation, our client endured three epidural steroid injections in his lumbar spine (administered by Dr. Michael Murphy), but these only gave temporary relief. In November 2020, Dr. Gutzman recommended a laminectomy and discectomy with fusion at L5-S1, and Mr. Durbon underwent this surgery on February 23, 2021. The surgery confirmed Dr. Gutzman's diagnosis of a herniated nucleus pulposus at L5-S1.

To address our client's left hip injury, Dr. Gutzman has recommended an arthroscopic surgical intervention.  This procedure is to occur after Mr. Durbon has fully recovered from his lumbar spine surgery.

At this time, Mr. Durbon's medical expenses total the following:

| MEDICAL | 06/19/2020 07/27/2020 Premier Medical Imaging | 3,000.00 |
| MEDICAL | 07/22/2020 03/09/2021 Gutzman, M.D., Dr. Denr | 51,400.00 |
| MEDICAL | 06/09/2020 06/18/2020 Samaniego, M.D., Dr. He | 1,780.00 |
| MEDICAL | 08/05/2020 12/16/2020 Murphy, Dr. Michael | 21,552.18 |
| MEDICAL | 02/23/2021 02/23/2021 Foundation Surgical Hos;SURGERY | 144,703.89 |
| MEDICAL | 06/06/2020 06/06/2020 EMS, Acadian | 1,476.20 |

These expenses now surpass $220,287.27.

**Past Non-Economic Damages (Gary Durbon)**

| Past physical pain x 10 months | $ 6,000/month  ($ 60,000) |
| Mr. Durbon has lumbar and hip pain. He has been unable to find relief from his pain | |

Main Office: 10500 Heritage Blvd., Ste. 102 ■ San Antonio, TX ■ 78216 ■ 210-444-4444 ■ www.jeffdavislawfirm.com

4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm   Page 5/59

| | |
|---|---|
| despite physical therapy treatments, and three epidural lumbar injections. Pain interrupts his sleep several times in a night. | |
| Past mental anguish x 10 months<br><br>Mr. Durbon's physical injuries limit the type and amount of work he can do and have injected great uncertainty into his life. It has also injected uncertainty as to whether he will be able to find resolution to his injuries and pain. This episode has been very stressful, and it is a direct result of his fall at L'Auberge. | $ 2,000/month   ($ 20,000) |
| Past loss of enjoyment of life x 10 months<br><br>Mr. Durbon cannot participate in his everyday life like he used to. His pain limits his activities and prevents him from any active pursuits. His pain is aggravated by daily activities as simple as standing or walking for extended periods. He feels that the fall has robbed him of the opportunity to enjoy many of life's everyday pleasures. | $ 4,000/month   ($ 40,000) |
| Past physical impairment x 10 months<br><br>His pain is aggravated by daily activities and makes it difficult to stand or walk for extended periods and to do lifting or bending like he used to. | $ 3,000/month   ($ 30,000) |
| Past inconvenience x 2 years<br><br>Mr. Durbon has been forced to undergo extensive therapy, 3 lumbar epidural steroid injections, lumbar surgery, and has been treated and diagnosed for a labral tear in his hip. | $ 2,000/month   ($ 4,000) |
| Past anxiety x 10 months<br><br>Uncertainty about his health and medical future have created increasing anxiety for Mr. Durbon, who has not encountered this type of injury or uncertainty in the past. | $ 2,000/month   ($ 48,000) |
| Past humiliation x 10 months<br><br>Mr. Durbon has always been a physically robust man. He feels this fall has taken some | $ 2,500/month   ($ 25,000) |

Main Office: 10500 Heritage Blvd., Ste. 102 ■ San Antonio, TX ■ 78216 ■ 210-444-4444 ■ www.jeffdavislawfirm.com

4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm  Page 6/59

| | |
|---|---|
| of his confidence and leads others to see him as weakened. | |
| **Total Past Noneconomic loss** | **$ 227,000** |

**Future Non-Economic Loss (Gary Durbon is expected to live another 27.16 years)[1]**

| | |
|---|---|
| Future physical pain x 27.16 years<br><br>Unable as yet to find relief from his pain, Mr. Durbon is likely be in pain for the remainder of his life. | $ 6,000/month   ($ 1,955,520) |
| Future mental anguish x 27.16 years<br><br>Mr. Durbon has already undergone spinal fusion that will impair him for the rest of his life. And he still faces further surgery on his left hip. The stress related to his diminished capacity to make a living and do simple daily activities will follow him the rest of his life. | $ 2,000/month   ($ 651,840) |
| Future loss of enjoyment of life x 27.16 years<br><br>Mr. Durbon will never be able to engage with his life and his family in the same way. His pain (or his fear of returning pain) and the physical limitations created by his injuries (such as a loss of flexibility due to spinal fusion) will limit the type and frequency of his social interactions. | $ 4,000/month   ($ 1,303,680) |
| Future physical impairment x 27.16 years<br><br>Mr. Durbon will never be able to use his body in the same ways as before. Simple activities will be difficult for him, as will sitting for extended periods, standing for extended periods, and walking for extended periods. | $ 3,000/month   ($ 977,760) |
| Future inconvenience x 27.16 years<br><br>Mr. Durbon will have to continue to take trips across town to visit doctors and attend therapy, as he struggles to manage his physical impairments and pain. | $ 2,000/month   ($651,840) |
| Future anxiety x 27.16 years | $ 2,000/month   ($651,840) |

[1] https://www.ssa.gov/oact/STATS/table4c6.html

Main Office: 10500 Heritage Blvd., Ste. 102 ■ San Antonio, TX ■ 78216 ■ 210-444-4444 ■ www.jeffdavislawfirm.com

4/8/2021     09:49  To: Ms. Judy Graves        From: Davis Law Firm  Page 7/59

| | |
|---|---|
| Mr. Durbon is anxious about his physical condition, his long-term health, his ability to perform life tasks, and the return or continuation of pain. | |
| Future humiliation x 27.16 years<br><br>Mr. Durbon is not the man he once was. He will likely never regain the pride he had in his physical abilities. | $ 2,500/month    ($ 814,800) |
| | |
| **Total Future Noneconomic loss** | **$ 2,607,360** |

**Given all of the foregoing, please accept this as a time-sensitive unequivocal settlement demand for your policy limits (unknown to us at this time). This demand expires 30 days from today, or at 5:00 P.M. CST, May 9, 2021. Any counter offer will be deemed a rejection as will any request to mediate. The demand is also expressly conditioned on Penn National Gaming, Inc. submitting an affidavit that there is no other available insurance that might provide coverage to this claim.**

We want to ensure the insurance company for Penn National Gaming, Inc. has a clear opportunity to fully resolve this claim and fully protect its insureds from any exposure beyond the limits of its insurance policy during this time-limited settlement opportunity. If not, Penn National Gaming, Inc. will thereafter have a bad-faith claim against the insurance company for failing to resolve this matter when it had every opportunity to do so, when confronted with a reasonable settlement demand. Penn National Gaming, Inc. should also retain separate, independent counsel if he has not already done so to review this time-sensitive settlement demand.

It is important that the insurance company knows that this is a case where we will ask for more than the policy limits at trial. A jury could easily conclude that my client's injuries and damages exceed the policy limits in damages and that a failure to tender the policy limits was unreasonable given the severity of Mr. Durbon's damages.

Our client sincerely wants to provide an opportunity to resolve this case for an amount of money that does not require Penn National Gaming, Inc. to pay a single penny over what the insurance coverage provides.

The insured policy holder, Defendant Penn National Gaming, Inc., is going to have to sit through a humiliating, public jury trial if the insurance company makes the decision not to pay the policy limits in this case. Penn National Gaming, Inc. will be forced to undergo needless anxiety, stress, and time away from his work to attend the trial and will eventually be branded with a scarlet letter when a jury awards a record verdict to my client. But this can all be avoided if the insurance company steps up to the plate and pays the policy limits in this case. This is the final opportunity for the insurance company to cap the risk and, most importantly, protect its policyholders from having to endure the inconvenience of a trial and the emotional distress associated therewith. Also, it is important that the insured policy holders know that this is a case where we will ask for more than the policy limits at trial, and that a verdict and judgment in excess of the policy limits will result in the insured defendants having bad credit and a judgment that is publicly recorded against their names. The insurance company can avoid all of that by settling the case now. We can also work with Penn National Gaming, Inc.'s lawyers to ensure that they are dismissed from this case prior to finalizing the settlement documents.

---

Main Office: 10500 Heritage Blvd., Ste. 102 ■ San Antonio, TX ■ 78216 ■ 210-444-4444 ■ www.jeffdavislawfirm.com

4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm   Page 8/59

Be advised that we reserve the right to ask for a verdict in excess of the ▇▇▇▇▇ dollars demanded in this letter.

Please immediately forward this correspondence and enclosures to all decision-makers, your insured Penn National Gaming, Inc., and his independent legal counsel.

Sincerely,
**Davis Law Firm**

By: */s/ Jerry Hernandez*
**JERRY V. HERNANDEZ, Of Counsel**
**CARLOS GARCIA**
**JASON LINNSTAEDTER**
Attorneys at Law (Of Counsel)
E-mail: jerryh@davislaw.com
E-mail: carlosg@davislaw.com
E-mail: jasonl@davislaw.com

DCN -202104085001159 BroadSpire Receive date -4/8/2021 10:34:00 AM ACS process date -4/8/2021 10:34:06 AM

(Page 1 of 59)

4/8/2021     09:49  To: Ms. Judy Graves          From: Davis Law Firm  Page 1/59



Personal Injury ■ Employment Law

# FAX COVER PAGE

| | |
|---|---|
| **To:** Ms. Judy Graves<br>Broadspire Services, Inc.<br>PO Box 14875, Lexington, KY<br>40512-4875 | **From:** CARLOSG<br>Davis Law Firm<br>10500 Heritage Blvd, Suite 102<br>San Antonio, TX  78216<br><br>**Phone:**<br>**Fax:** |
| | **Email:** |
| **Fax Number:** 1-859-550-2745 | **Pages:** 59 |
| | **Date:** 4/8/2021 |
| | **Time:** 09:49:14 |

**Subject:**  Claim No.: 189280449-001 -  Claimant: Gary Durbon -  D/Incident   6/6/20
Insured: Penn National Gaming

**Message:**

Due to the COVID-19 crisis and Stay at Home Order, Davis Law Firm is conducting business remotely. We are unable to process physical copy mail sent to our office. We cannot guarantee when physical mail will be reviewed. Therefore, we are requesting you to forward any correspondence to the appropriate attorney/paralegal by electronic form (fax, email, links), all court filings through e-filing.

Thank you for your attention and cooperation in this matter.

**CONFIDENTIAL MATERIAL** *INCLUDING THIS COVER SHEET: If you do not receive all pages, please telephone us immediately at (210) 444-4444. The information contained in this facsimile is privileged and confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this fax in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service

DCN -202104085001159 BroadSpire Receive date -4/8/2021 10:34:00 AM ACS process date -4/8/2021 10:34:06 AM